F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS, APLC
17200 Ventura Blvd., Suite 115
Encino, CA 91316
Telephone: (818) 510.0555
Facsimile: (818) 510.0590

*Attorneys for Plaintiff,*
Regina Kianpour

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA KIANPOUR, | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| CITIBANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC. | I. CAL. CIV. CODE § 1785 ET SEQ.; |
| | II. FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. |
| Defendants. | III. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788, ET SEQ.; AND |
| | IV. CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §1798.92, ET SEQ. |
| | **JURY TRIAL DEMANDED** |

COMPLAINT

**INTRODUCTION**

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to ensure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. REGINA KIANPOUR ("Plaintiff" or "Mrs. Kianpour"), by Plaintiff's attorneys, brings this action to challenge the actions of CITIBANK, N.A., ("Citibank"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and TRANS UNION, LLC ("TransUnion") (Citibank, Experian, Equifax, and TransUnion may be collectively referred to as "Defendants") with regard to unlawful credit reporting.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

9. The true names and capacities of any DOE defendants whether individuals, corporations, associations, or otherwise, are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to
allege such names and capacities as soon as they are ascertained.

10. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (ii) California Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA"); (iii)

the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq. ("CCRAA"); and (iv) the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

13. At all times relevant, Defendants conducted business within the State of California.

14. Because Defendants do business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 since (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

16. Plaintiff is a natural person who resides in the County of Los Angeles, in the State of California.

17. Defendant Citibank is headquartered in New York City, Kings County, new York, and regularly does business in Los Angeles County, California.

18. Experian is headquartered in Orange County, California, and regularly does business in all counties throughout the State of California, including in Los Angeles County, California.

19. TransUnion is headquartered in Cook County, Illinois, and regularly does business in all counties throughout the State of California, including in Los Angeles County, California.

20. Equifax is headquartered in Fulton County, Georgia, and regularly does business in all counties throughout the State of California, including in Los Angeles County, California.

21. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

22. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

25. Defendant Citibank in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are each therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

26. Defendant Citibank is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

27. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

28. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

29. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

30. Experian, Equifax and TransUnion may be hereinafter collectively referred to as the "Credit Bureaus."

31. Defendant Citibank is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

32. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

33. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

**FACTUAL ALLEGATIONS**

34. At all times relevant, Plaintiff is an individual residing within the State of California.

35. Sometime around September of 2021, Plaintiff is alleged to have incurred certain financial obligations on a Citibank credit card for account ending 3480 (the "Citibank account"), including a $2,050.00 charge, as well as numerous other charges not incurred by Plaintiff.

36. The financial obligations allegedly owed by Plaintiff to Citibank are hereinafter referred to as the "alleged debt."

37. These alleged obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

38. Sometime after September of 2021, Plaintiff reviewed her Citibank account statement and noticed the alleged debt, and that the charges were not made by her.

///

///

6

COMPLAINT

39. She immediately contacted Citibank in September of 2021 to dispute the charges and notify them that the alleged debt was not incurred by her and thus did not belong to her.

40. Sometime thereafter, in September of 2021, Citibank continued to attempt to collect the alleged debt despite being notified that the alleged debt was the result of fraud/identity theft, and that Plaintiff was the victim of said fraud / identity theft.

41. Subsequently, in August of 2022, Plaintiff received a letter from The Moore Law Group on behalf of Citibank. This letter was an attempt to collect the alleged debt.

42. On or about August 9, 2022 and August 18, 2022, Plaintiff sent letters to The Moore Law Group disputing the alleged debt owed on the Citibank account and notifying The Moore Law Group that the debt was the result of identity theft. Further, Plaintiff sent The Moore Law Group a police report that Plaintiff had filed stating she was the victim of identity theft with respect to the alleged debt on the Citibank account.

43. Citibank received these August 9, and August 18, 2022 letters and failed to diligently investigate Plaintiff's claims.

44. Thereafter, on or about September 8, 2022 and September 20, 2022, Citibank, and The Moore Law Group on behalf of Citibank, sent Plaintiff letters stating they were denying Plaintiff's fraud claim and that Plaintiff was responsible for the alleged debt on the Citibank account. These letters were attempts to collect a debt.

45. Citibank has continually engaged in collection efforts against Plaintiff regarding the fraudulent debt by maintaining their collection actions as of the date of this filing.

46. Had Citibank discussed the matter with Plaintiff or reviewed the records they would have discovered that Plaintiff did not owe the alleged debt.

47. Citibank's investigation, if any, was unreasonable.

48. More specifically, Citibank should have discovered from Citibank's own records, including Plaintiff's disputes, that the debt at issue in the collection action was fraudulent.

49. Plaintiff's efforts to be absolved of this fraudulent debt were fruitless, and Citibank continued to attempt to collect the alleged debt.

50. Citibank's continued pursuit of Plaintiff for payment of a fraudulent debt was intentional and in reckless disregard of Citibank's duties owed to Plaintiff.

51. Through this conduct, Citibank violated Cal. Civ. Code §1788.17 by attempting to collect a debt that Citibank knew did not belong to Plaintiff.

52. Further, in or around September 2022, Plaintiff reviewed her consumer credit reports and discovered that Citibank was furnishing derogatory, adverse information to the credit bureaus that the alleged debt was past due and had been charged off.

53. In November of 2022, Plaintiff sent writes disputes to Experian, TransUnion and Equifax via certified mail pursuant to 15 U.S.C. § 1681i(a), which was received by Experian, Trans Union and Equifax in November of 2022, to ensure that the tradeline associated with the alleged debt would be deleted from Plaintiff's credit reports (these disputes will be hereinafter referred to as the "November 2022 Disputes").

54. Said disputes informed Experian, Equifax, TransUnion and Citibank that Citibank incorrectly tried to collect the alleged debt owed on the personal Citibank account from Plaintiff and also incorrectly furnished information regarding the Citibank account to the credit bureaus, which appeared on Plaintiff's personal credit reports.

55. Upon information and belief, Experian, Equifax and TransUnion timely notified Citibank of Plaintiff's dispute.

56. Citibank was then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

57. Experian, Equifax and TransUnion were also required to conduct their own reasonable reinvestigations into the personal Citibank account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

58. Sometime thereafter, Plaintiff received results of these disputes with TransUnion, Equifax and Experian which stated that Citibank had verified the account, and that Citibank was still furnishing adverse information regarding the Citibank account to the credit bureaus.

59. Despite receipt of Plaintiff's dispute, Citibank, Equifax, TransUnion and Experian continued inaccurate credit reporting regarding the alleged debt to Plaintiff's credit reports.

60. To date, said inaccurate credit reporting remains on Plaintiff's Experian, Equifax and TransUnion credit reports.

61. Citibank submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

62. Experian, TransUnion, Equifax and Citibank never provided notice to Plaintiff that Plaintiff's November 2022 Disputes were "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

63. Citibank's and the Credit Bureaus' investigations were unreasonable.

64. More specifically, Citibank should have discovered from Citibank's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff never incurred the charges on the Citibank account.

65. Plaintiff contends that it was unreasonable for Citibank to ignore the information that it possessed, nor to not contact Plaintiff if needed.

66. Accordingly, Citibank failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

67. Citibank failed to review all relevant information provided by Plaintiff in the November 2022 to Experian, TransUnion and Equifax as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

68. Due to Citibank's failure to reasonably investigate, Citibank further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

69. By inaccurately reporting account information after notice and confirmation of its errors, Citibank failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

70. Through this conduct, Citibank violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Citibank knew or should know was inaccurate.

71. Experian, TransUnion and Equifax also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

72. Plaintiff's efforts to correct Citibank's erroneous and negative reporting by communicating Plaintiff's disputes with Experian, TransUnion and Equifax were fruitless.

73. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

74. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

75. Defendants' failure to correct the inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

76. Accordingly, Defendants willfully and negligently failed to comply with their duties to reasonably investigate Plaintiff's dispute.

77. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

78. Defendants' conduct has caused Plaintiff emotional distress.

79. Plaintiff has spent significant time disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

80. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

81. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit reports.

82. As a direct and proximate result of Defendants' willful actions and inactions, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and

suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

83. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

84. Defendants received documents in connection with Plaintiff's November 2022 Dispute that clearly proved the adverse reporting regarding the Citibank account was inaccurate.

85. By intentionally reporting that the Citibank account was an account that was put into collections, when the account should never have been opened or put into collections, Defendants acted in conscious disregard for Plaintiff's rights.

86. To report an ongoing adverse account despite the fact that Citibank improperly opened the Citibank account and caused Plaintiff to incur a debt without his knowledge shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

87. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

88. As a result of Defendants' unlawful credit reporting practices, as alleged in Paragraphs 1-79, above, Plaintiff suffered actual damages and Defendants' conduct caused Plaintiff mental and emotional distress.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681-1681X (FCRA)
### [AS TO ALL DEFENDANTS]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

91. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

92. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AS TO DEFENDANT CITIBANK]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

95. In the regular course of its business operations, Citibank routinely furnishes information to credit reporting agencies pertaining to transactions between Citibank and Citibank's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

96. Because Citibank is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Citibank is and always was obligated to not furnish information on a

specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

97. Since Citibank received all documents required to determine the inaccuracy of Citibank's reporting, Citibank should have known to update said reporting.

98. Citibank also should have determined that Citibank's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST Citibank]

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

101. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Citibank.

## COUNT IV

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

### Cal. Civ. Code § 1798.92-1798.97

### [AGAINST Citibank]

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

104. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5) from Citibank.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2)

against each Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Citibank;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Citibank;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Citibank;
- Punitive damages according to proof as to the FCRA and CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Citibank;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Citibank;
- An award of costs of litigation and reasonable attorney's fees,
- pursuant to Cal. Civ. Code § 1788.30(c), against Barclays; and,
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5), against Citibank;
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6), against Citibank; and,
- Any other relief the court deems proper.

/ / /
/ / /
/ / /
/ / /

**DEMAND FOR TRIAL BY JURY**

105. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                      **LOS ANGELES LEGAL SOLUTIONS, APLC**

Dated: April 24, 2023           By: _s/F. Jay Rahimi_____
                                         F. Jay Rahimi, Esq.
                                         *Attorney for Plaintiff,*
                                         Regina Kianpour